IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JENNIE GUZMÁN-PÉREZ AND MARÍA HERNÁNDEZ-SANTIAGO, <br><br> Plaintiffs, <br><br> v. <br><br> MANUEL OJEDA-BATISTA, <br><br> Defendant. | CIV. NO.: 19-1766 (SCC) |

**OPINION AND ORDER**

Defendant Manuel Ojeda-Batista ("Defendant Ojeda-Batista") has moved for the entry of summary judgment in his favor. *See* Docket No. 116. Plaintiffs Jennie Guzmán-Pérez and María Hernández-Santiago ("Plaintiffs") opposed the motion. *See* Docket No. 131. For the reasons set forth below, the Motion at Docket No. 116 is **GRANTED**.

**I. BACKGROUND**

Plaintiffs filed suit against Professional Equipment ("Professional"), MOB Investment Corp. ("MOB"), and Defendant Ojeda-Batista, in both his individual and official

| | |
|---|---|
| GUZMÁN PÉREZ ET AL, v.<br>OJEDA-BATISTA | Page 2 |

capacity, on the grounds that they violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Docket No. 1. Specifically, Plaintiffs claim that while they worked for Professional and MOB, they were discriminated by Defendant Ojeda-Batista (who during the relevant time served as the president for both Professional and MOB) due to their age and sex.[1] They further contend that Defendant Ojeda-Batista would refer to them as "old women," "cows," and "stupid." They also claim that Defendant Ojeda-Batista fired them because they did not fall under the "ideal" type of employee that he wanted working at Professional and MOB.

The claims against Professional and MOB were dismissed without prejudice given that Plaintiffs failed to provide proof of service upon the two entities and because they failed to show cause why the Complaint should not be dismissed as to those defendants. Docket Nos. 14-15.

---

[1] At the time the Complaint was filed, Plaintiffs were 62 years old. Docket No. 1, pg. 4.


| GUZMÁN PÉREZ ET AL, v.<br>OJEDA-BATISTA | Page 3 |
|---|---|

Defendant Ojeda-Batista therefore became the sole defendant in this case.

With this backdrop in tow, the Court begins its analysis.

## II. ANALYSIS

### A. Motion for Summary Judgment Standard[2]

---

[2] The District of Puerto Rico Local Rules impose additional requirements regarding the filing of motions for summary judgment. *See* D.P.R. Civ. R. 56. Local Rule 56(b) mandates that the movant's motion for summary judgment "be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." D.P.R. Civ. R. 56(b). Further, "[e]ach fact asserted in the statement shall be supported by a record citation as required by subsection (e) of this rule." *Id*. In turn, the nonmovant must "submit with its opposition a separate, short, and concise statement of material facts," and that "opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts." D.P.R. Civ. R. 56(c). The Court must note that the parties essentially ignored this Local Rule. On the one hand, Defendant Ojeda-Batista included a list of uncontested facts, but he did not include a record citation to the exhibit supporting the proposed uncontested fact. On the other hand, Plaintiffs did not comply with the requirement imposed on them by Local Rule 56(c) to deny, admit or qualify Defendant Ojeda-Batista's proposed uncontested facts, they merely stated that they would "reply" to Defendant Ojeda-Batista's. *See* Docket No. 131, pg. 4 ¶ 13. Local Rule 56's raison d'être is "to protect the

Summary judgment is proper under Rule 56, when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a). The movant bears the initial burden of establishing "the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). But after the movant makes that initial showing, to overcome a motion for summary judgment, the non-movant must demonstrate "through submissions of evidentiary quality, that a trialworthy issue persists." *See Iverson v. City of Boston*, 452 F.3d 94, 98 (1st Cir. 2006). It is worth noting, however, that when the nonmovant bears the ultimate burden of proof at trial, the nonmovant cannot "rely on an

---

district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." *López-Hernández v. Terumo Puerto Rico LLC*, 64 F.4th 22, 26 (1st Cir. 2023). However, albeit these infractions, since the record and evidence in this case is scant, the Court did not have to partake in any major ferreting here. And as the discussion will show, even if the evidence advanced by Plaintiffs was intended to support their denial of Defendant Ojeda-Batista's proposed facts, Plaintiffs still failed to meet their burden with that evidence.

absence of competent evidence but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995). And while the Court will draw all reasonable inferences from the record in the light most favorable to the nonmovants, here, the Plaintiffs, the Court will cast aside and ignore all "conclusory allegations, improbable inferences, and unsupported speculation." *See García-García v. Costco Wholesale Corp.*, 878 F.3d 411, 417 (1st Cir. 2017) (internal quotations and citations omitted).

### B. Title VII and ADEA: Individual Liability and the Employee Numerosity Requirement

Defendant Ojeda-Batista avers that all claims against him must be dismissed for three reasons. First, he argues that Plaintiffs did not obtain a right to sue letter against him. Second, he contends that individual defendants—like him—are not liable under Title VII and the ADEA. Lastly, he posits that he cannot be considered an "employer" under those statutes because the employee numerosity requirement that is

included in both Title VII and the ADEA to qualify as an employer is not met in this case. The Court need only examine the second and third arguments.

Defendant Ojeda-Batista is correct when he argues that generally there is no individual liability under Title VII and the ADEA. *See Fantini v. Salem State Coll.*, 557 F.3d 22, 31 (1st Cir. 2009) (recognizing that "there is no individual employee liability under Title VII."); *see also Rodríguez-Torres v. Gov't Dev. Bank of Puerto Rico*, 704 F.Supp.2d 81, 93 (D.P.R. 2010) (stating that "[i]n ADEA claims, only the employer is liable for the acts of its agents and, therefore, individual liability does not apply in ADEA claims."). But general rules have exceptions. And in *López-Rosario v. Programa Seasonal Head Start/Early Head Start de la Diocesis de Mayagüez, et al.*, 245 F.Supp. 3d 360, 370-371 (D.P.R. 2017), a sister court in this District recognized a narrow exception to the general rule that there is no individual liability under the ADEA. The *López-Rosario* court relied on the First Circuit's decision in *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007) which stated (when

| GUZMÁN PÉREZ ET AL, v.<br>OJEDA-BATISTA | Page 7 |
|---|---|

discussing the Fair Labor Standards Act) that there is an exception to the aforementioned general rule. Specifically, the *Chao* court explained that personal liability may exist for "corporate officers with a significant ownership interest who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees, and who personally made decisions to continue operations despite financial adversity during the period of nonpayment." *Chao*, 493 F.3d at 34. But even if that exception were to apply here, summary judgment in favor of Defendant Ojeda-Batista would still be warranted because Plaintiffs failed to satisfy their burden as to the employee numerosity requirement for an employer to be covered by Title VII and the ADEA.

For an employer to be covered under Tittle VII, the employer must be, *inter alia*, "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of

| GUZMÁN PÉREZ ET AL, v. | Page 8 |
|---|---|
| OJEDA-BATISTA | |

such a person[.]" *See* 42 U.S.C. § 2000e(b). In turn, to be covered under the ADEA, the employer must be, *inter alia*, "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *See* 29 U.S.C.A. 630 (b).

Defendant Ojeda-Batista maintains that it is uncontroverted that "[e]ven if the corporate veil of the corporations . . . were to be removed, they never had the number of employees required to be 'employers' under Title VII . . . and the ADEA." Docket No. 116, pg. 4. Defendant Ojeda-Batista relies on a Statement Under Penalty of Perjury (the "Statement") prepared by Mr. Anthony Rivera to support that proposed fact. *See* Docket No. 116-1. According to the Statement, Mr. Rivera served as treasurer and secretary for Professional and MOB. *Id.* at ¶ 2. Further, he was in charge of document management and he handled all employee files. *Id.* He adds that MOB investment never had employees and that Professional "never had more than [e]ight (8) employees on

payroll." *Id.* at ¶ 7.

Plaintiffs fired back by referring to the Charge of Discrimination filed with the Antidiscrimination Unit of the Department of Labor and Human Resources in Puerto Rico, *see* Docket No. 135-1, wherein they wrote that Professional and MOB had 15 employees, *see* Docket No. 135-1, pgs. 2 and 5, and Plaintiffs "Relation of Events" wherein they provide a list of "co-workers" that reportedly witnessed Defendant Ojeda-Batista's behavior towards them, *id.*, pg. 3.

In *Escribano-Reyes v. Pro. Hepa Certificate Corp.*, the First Circuit referred to two ways in which a plaintiff can meet his or her burden to satisfy the employee numerosity requirement. 817 F.3d 380, 388-389 (1st Cir. 2016). Whether an individual is an "employee" can be demonstrated through the "payroll method," meaning that if the individual appears on the payroll, the employer-employee relationship may be established. *Id.* at 338. However, "[p]ayroll records are not dispositive[.]" *Id*. The *Escribano-Reyes* court added that the employer-employee relationship could also be shown if the

plaintiff submits evidence demonstrating that if the common-law agency test is applied, the same will show the existence of an employer-employee relationship. *Id.* at 389.

Here, Plaintiffs did not provide any payroll evidence to show that the individuals they mentioned in the "Relation of Events" were Professional, MOB and/or Defendant Ojeda-Batista's employees. Further, the list of alleged co-workers that Plaintiffs rely on does not provide any job titles, timeframe as to when those individuals worked for the corporations and/or Defendant Ojeda-Batista or any additional information that when the agency test is applied, would show that those individuals had an employment relationship with MOB, Professional and/or Defendant Ojeda-Batista.

Plaintiffs were allowed ample time to conduct discovery and procure, for example, copies of employee payrolls. They could have also deposed somebody that was knowledgeable as to that information. But in light of the evidence, they have relied on, it appears they did not do so.

| GUZMÁN PÉREZ ET AL, v. OJEDA-BATISTA | Page 11 |
|---|---|

The Court therefore finds that Plaintiffs have failed to create a triable issue at this juncture regarding the number of employees required to satisfy the definition of "employer" under the ADEA and Title VII and they have therefore failed to satisfy their burden. Accordingly, the Court GRANTS summary judgment in favor of Defendant Ojeda-Batista.[3]

### III. CONCLUSION

In light of the above, Defendant Ojeda-Batista's Motion for Summary Judgment at Docket No. 116 is **GRANTED.** All claims against Defendant Ojeda-Batista are hereby **DISMISSED WITH PREJUDICE** and the Jury trial set for November 13, 2023 is hereby **VACATED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of November 2023

<div style="text-align:center">

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

</div>

---

[3] Even if Plaintiffs had created a triable issue, it would have only been as to the Title VII claim for none of the evidence they marshaled reaches the 20-employee requirement established by the ADEA.